UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHELLE HERRERA, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE FIRE AND CASUALTY COMPANY; ALSTATE INDEMNITY COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE VEDHICLE AND PROPERTY INSURANCE COMPANY; and DOES I-V and ROES VI-X, inclusive,<br><br>Defendants. | Case No. 2:13-cv-00908-MMD-PAL<br><br>ORDER |

Before the Court are three motions filed by Defendants: (1) Motion to Compel Appraisal and Stay or Dismiss (dkt. no. 5); (2) Motion to Dismiss (dkt. no. 6); and (3) Request for Judicial Notice (dkt. no. 7). The Motion to Compel and Request for Judicial Notice are granted, while the Motion to Dismiss is denied as moot.

The Complaint alleges that Plaintiff was insured with Defendants[1] under an auto insurance policy ("the Policy") in October 2012. Plaintiff's insured vehicle was involved in a motor vehicle accident and declared a "total loss" within the meaning of NRS

---

[1] The Complaint refers to defendants collectively as "Allstate" so it is not clear based on the allegations in the Complaint which defendant was the insurer under Plaintiff's auto policy at issue. (Dkt. no. 1-1 ¶ 2.)

487.790.  However, Defendants did not pay Plaintiff fair market value for the vehicle. Instead, they arbitrarily assigned a value based on a formula that resulted in a substantially lower amount than the value that should have been assigned based on the actual cost of two or more comparable vehicles in the local market, as required under NAC 686A.680(1)(b)(1).  Plaintiff asserts class action claims on behalf of all Nevada residents who, between 2007 and the filing of the Complaint, were insured under an auto insurance policy with Defendants and did not receive fair market value for the "total loss" of their vehicle and/or all applicable taxes and fees.

The Policy contains an appraisal provision that provides for either the insurer or the insured to demand an appraisal of the loss and prescribes the process for appraisal. (*See* dkt. no. 7-2 at 11.) It provides that "[a] written decision by any of these three persons [two appraisers and an umpire] will determine the amount of loss." (*Id.*) The Policy also contains a provision governing "Action Against Us":  "No one may sue us under this coverage unless there is full compliance with the policy terms." (*Id.* at 12.) Plaintiff does not dispute that Defendants invoked the appraisal provision on May 28, 2013, the day before the Motion to Compel was filed.

In their Request for Judicial Notice, Defendants asked the Court to take judicial notice of the Policy and the letter invoking the appraisal provision under the Policy. Plaintiff has not opposed the Request, nor has Plaintiff challenge the authenticity of the Policy and the letter.  The Request is therefore granted.  *See* L.R. 7-2(d) (failure to file points and authorities in opposition to a motion constitutes consent that the motion be granted).

Defendants rely upon an appraisal provision in the Policy to seek a stay and/or dismissal pending the appraisal.  Defendants argue that because they have invoked the appraisal provision, the Policy requires completion of the appraisal before commencement of litigation.  Plaintiff's sole argument in response is that the appraisal provision amounts to a "binding arbitration" provision that is unenforceable under Nevada law.  As support, Plaintiff relies on *Silverman v. Fireman's Fund Am. Ins. Cos.*,

604 P.2d 805 (Nev. 1980) to argue that the Nevada Supreme Court has recognized that an appraisal provision in an insurance policy amounts to an arbitration provision. However, Defendants correctly argue that *Silverman* is inapplicable. In *Silverman*, the Nevada Supreme Court addressed the scope of the Uniform Arbitration Act ("the Act") adopted in 1969 and whether it covers all appraisals or only arbitration agreements that contemplate an appraisal. The court found that because NRS 38.025(1) defined the word "Agreement" as used in the Act to cover "agreements providing for valuations, appraisals and similar proceedings," the legislature clearly intended for the Act to cover appraisals. *Id.* at 806. The *Silverman* case thus does not support Plaintiff's argument that an appraisal provision is akin to a binding arbitration provision. Moreover, NRS 38.025(1) was repealed in 2001 and, as Defendants pointed out, Nevada's Uniform Arbitration Act of 2000 governs "an agreement to arbitrate."

The Policy requires "full compliance" with its terms before commencement of litigation. Because Defendants have initiated the appraisal process under the Policy, Plaintiff is contractually required to submit to the appraisal process before bringing suit.

Defendants have also moved to dismiss the entire action for failure to exhaust administrative remedies and for dismissal of several claims based on failure to state a claim under Fed. R. Civ. P. 12(b)(6). The Court will not address Defendant's Motion to Dismiss on the merits in light of its ruling on the Motion to Compel.

It is therefore ordered that the Motion to Compel Appraisal (dkt. no. 5) is granted and this action is stayed pending the appraisal conducted pursuant to the Policy. The Motion to Dismiss (dkt. no. 6) is denied as moot. The parties are ordered to file a status report within sixty (60) days to update the Court on the appraisal process.

DATED THIS 6th day of December 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE