1  ABRAN VIGIL
   Nevada Bar No. 7548
2  BALLARD SPAHR LLP
   100 North City Parkway, Suite 1750
3  Las Vegas, NV 89106-4617
   Telephone:    (702) 868-7523
4  Facsimile:    (702) 471-7070
   E-Mail:       vigila@ballardspahr.com
5
   MARK HANOVER
6  (Admitted *pro hac vice*)
   DENTONS US LLP
7  233 South Wacker Drive, 7800
   Chicago, IL 60606
8  Telephone:    (312) 876-8000
   Facsimile:    (312) 876-7934
9  E-Mail:       mark.hanover@dentons.com

10 Attorneys for Defendants
   ALLSTATE FIRE AND CASUALTY
11 INSURANCE COMPANY; ALLSTATE INDEMNITY
   COMPANY; ALLSTATE INSURANCE
12 COMPANY; ALLSTATE PROPERTY &
   CASUALTY INSURANCE COMPANY;
13 ALLSTATE VEHICLE AND PROPERTY
   INSURANCE COMPANY

14

15
                    **UNITED STATES DISTRICT COURT**
16                       **DISTRICT OF NEVADA**

17 | MICHELLE HERRERA, individually, and on
   | behalf others similarly situated,              Case No. 2:13-cv-00908-MMD-PAL
18 |
   |              Plaintiff,
19 |                                                **STATUS REPORT**
   |      vs.                                       **CONCERNING APPRAISAL**
20 |                                                **FILED BY DEFENDANTS**
   | ALLSTATE FIRE AND CASUALTY
21 | COMPANY; ALLSTATE INDEMNITY
   | COMPANY; ALLSTATE INSURANCE
22 | COMPANY; ALLSTATE PROPERTY &
   | CASUALTY INSURANCE COMPANY;
23 | ALLSTATE VEHICLE AND PROPERTY
   | INSURANCE COMPANY; and DOES I-V and
24 | ROES VI-X, inclusive,

25              Defendants.

26         Defendants, Allstate Fire and Casualty Insurance Company, Allstate Indemnity

27 Company, Allstate Insurance Company, Allstate Property & Casualty Insurance Company, and

28 Allstate Vehicle and Property Insurance Company (collectively, "Allstate") hereby submit this

DMEAST #18390530 v1

1 Status Report concerning Appraisal pursuant to this Court's December 6, 2013 Order Granting
2 Allstate's Motion to Compel Appraisal. ("Appraisal Order").

3       The Complaint alleges that Allstate failed to pay fair market value for plaintiff's total loss
4 vehicle, and attempts to state causes of action for negligence per se, breach of contract, tortious
5 breach of contract, violation of the DTPA, reformation, unjust enrichment, and declaratory relief.
6 Allstate filed two initial motions.  First, Allstate filed a Motion to Compel Appraisal (dkt. no. 5),
7 arguing that the case should be stayed or dismissed pending completion of the appraisal process.
8 Second, Allstate filed a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) (dkt. no. 6), arguing that
9 plaintiff failed to exhaust administrative remedies, and failed to state a claim.

10       On December 6, 2013, the Court issued an order:  (1) granting Allstate's Motion to
11 Compel Appraisal, ruling "this action is stayed pending the appraisal conducted pursuant to the
12 Policy," (2) denying Allstate's Motion to Dismiss as moot, and (3) directing the parties to file a
13 status report within sixty (60) days.  (dkt. no. 20).

14       On January 22, 2014, plaintiff's counsel advised Allstate that they had selected an
15 appraiser (but they have not yet disclosed the identity to Allstate).  Allstate will select and
16 disclose an appraiser within two weeks.  After the parties select their appraisers, Allstate
17 proposes for the appraisers to perform their duties as set forth in the Allstate Policy:  "Both you
18 and we have a right to demand an appraisal of the loss.  Each will appoint and pay a qualified
19 appraiser. Other appraisal expense will be shared equally.  The two appraisers, or a judge of a
20 court of record, will choose an umpire.  Each appraiser will state the actual cash value and the
21 amount of loss.  If they disagree, they'll submit their differences to the umpire.  A written
22 decision by any two of these three persons will determine the amount of the loss."  (Allstate Req.
23 for Judicial Notice (dkt. no. 7 at Ex. A, Policy, p. 20).

24       This afternoon, plaintiff's counsel told Allstate that they would seek for the Court to
25 make threshold rulings about the conduct of the appraisal.  Most notably, plaintiff's counsel
26 wants the Court to dictate the specific "methodology" to be used by the appraisers.  Allstate
27 contends that such rulings are unnecessary, and contrary to the purpose of appraisal.  Assuming
28 each party selects a "qualified appraiser," then such appraisers will have experience with

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

DMEAST #18390530 v1

1 automobile valuations in the Nevada, and will perform their duties consistent with the Allstate
2 Policy and state law.  Plaintiff's counsel cites no authority for the proposition that the Court must
3 develop detailed appraisal procedures—on the contrary, qualified automobile appraisers are
4 more than capable of performing their duty to value the amount of the loss without blow-by-
5 blow direction from the Court.

6      Allstate contends that the appraisal process should proceed "pursuant to the Policy" (dkt.
7 no. 20) as set forth by the Court, and the parties should file an additional status report within
8 thirty (30) days.

10 Dated: February 4, 2014.      Respectfully submitted,

BALLARD SPAHR LLP

By:   /s/ Abran Vigil
    ABRAN VIGIL
    100 North City Parkway, Suite 1750
    Las Vegas, NV 89106-4617
    Telephone:  (702) 868-7523
    Facsimile:  (702) 471-7070
    E-Mail:  vigila@ballardspahr.com

And

MARK HANOVER
(Admitted *pro hac vice*)
DENTONS US LLP
233 South Wacker Drive, 7800
Chicago, IL 60606
Telephone:   (312) 876-8000
Facsimile:    (312) 876-7934
E-Mail:        mark.hanover@dentons.com

Attorneys for Defendants
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY; ALLSTATE
INDEMNITY
COMPANY; ALLSTATE INSURANCE
COMPANY; ALLSTATE PROPERTY &
CASUALTY INSURANCE COMPANY;
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

**CERTIFICATE OF SERVICE**

I certify that on February 4, 2014, and according to Fed. R. Civ. P. 5(b), I served via CM/ECF and/or deposited for mailing in the U. S. Mail a true and correct copy of the foregoing Status Report to all parties as identified on the Court-generated Notice of Electronic Filing.

| | |
|---|---|
| David M. Birka-White, Esq. (Pro Hac Vice Forthcoming)<br>Birka-White Law Offices<br>65 Oak Court<br>Danville, CA 94526 | Jesse Sbaih<br>Jesse Sbaih & Associates, LTD<br>170 S. Green Valley Pkwy., #280<br>Henderson, NV 89012 |

\_\_\_\_\_CM Wrangham-Rowe_____
An Employee of Ballard Spahr LLP

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

DMEAST #18390530 v1     15