UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHELLE HERRERA, individually, and on behalf of others similarly situated,

Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

Defendant.

Case No. 2:13-cv-00908-MMD-PAL

ORDER

(Def.'s Motion to Dismiss—dkt. no. 56)

## I. SUMMARY

Before the Court is Defendant Allstate Fire and Casualty Insurance Company's Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion"). (Dkt. no. 56.) For the reasons discussed below, the Motion is granted.

## II. BACKGROUND

The following facts are taken from Plaintiff Michelle Herrera's Second Amended Complaint ("SAC"). (Dkt. no. 54.) Plaintiff owned a 2010 Nissan Altima insured under an automobile insurance policy issued by Defendant ("the Policy"). (*Id.* at 3.) After Plaintiff's vehicle was involved in an accident, Defendant declared it a "total loss" within the meaning of NRS § 487.790. (*Id*. at 7.) Defendant determined the value of her vehicle by using a "take price" valuation method. (*Id*. at 4.) Plaintiff asserts that Defendant violated NAC § 686A.680 by using this valuation method and failing to compensate her for taxes and fees. (*Id*. 4-6.) As a result, Defendant undervalued Plaintiff's vehicle for less than the "actual cash value" she would have received had Defendant complied with NAC § 686A.680. (*Id*.)

In response to Plaintiff's initial Complaint, Defendant sought to dismiss or compel an appraisal. (Dkt. nos. 5, 6.) The Court granted Defendant's motion to compel appraisal. (Dkt. no. 20.) After the appraisal process was completed, Plaintiff filed the SAC, alleging claims for (1) negligence per se, (2) breach of contract, (3) breach of the implied covenant of good faith and fair dealing, (4) violation of Nevada's Deceptive Trade Practices Act, (5) violation of NRS § 686A.310, and (6) declaratory relief. (Dkt. no. 54.) Defendant again moves for dismissal. (Dkt. no. 56.)

## III.  LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does

not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not shown — that the pleader is entitled to relief." *Id*. at 679 (alteration and internal quotation marks omitted). A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Id.* at 570.

## IV. DISCUSSION

Defendant argues that no private right of action exists because Plaintiff's claims lie within the exclusive jurisdiction of the Nevada Division of Insurance ("NDOI") to enforce compliance with Nevada's Insurance Code ("the Insurance Code"), codified at NRS Title 57. The Court agrees.

The Nevada Supreme Court has held that "the NDOI has exclusive original jurisdiction over . . . any matter in which . . . a party seeks to ensure compliance with the Insurance Code."[1] *Allstate Ins. Co. v. Thorpe*, 170 P.3d 989, 993-95 (Nev. 2007) (finding that there is no private right of action under NRS § 689B.012 that would permit medical service providers to sue their clients' insurance companies for prompt payment because of NDOI's exclusive jurisdiction); NRS § 686A.015 ("[T]he Commissioner has exclusive jurisdiction in regulating the subject of trade practices in the business of insurance in this state."). Moreover, the NDOI's exclusive jurisdiction over the administration and enforcement of the Insurance Code precludes any private right of action for violations of the Code. *See Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 104 n. 32 (Nev. 2008)

---

[1]Beyond enforcing the Insurance Code's provisions, the NDOI Commissioner also has authority to hold hearings in which he or she acts in a quasi-judicial capacity to issue orders, and to seek injunctive or other relief to enforce orders. *See* NRS §§ 679B.120, .180, .310, .360. In addition, persons may seek judicial review of the NDOI Commissioner's decisions under Nevada's Administrative Procedure Act. NRS § 679B.370.

(confirming *Thorpe*'s holding that the exclusive jurisdiction of the NDOI over the Insurance Code precludes a private right of action); *Weaver v. Aetna Life Ins. Co.*, 370 F. App'x. 822, 824 (9th Cir. 2010) (relying on *Thorpe* to hold that a violation of the Insurance Code is within the exclusive jurisdiction of the NDOI and precludes a private right of action).

Plaintiff's claims fall within the exclusive jurisdiction of the NDOI. Plaintiff seeks to compel Defendant's compliance with NAC § 686A.680, a provision of the Code. Plaintiff's six claims arise directly from Defendant's alleged noncompliance with NAC § 686A.680 and are based on factual allegations that would require the Court to determine whether Defendant violated the cited regulation. But the authority to regulate and enforce the Insurance Code has been delegated to the exclusive jurisdiction of the NDOI. *See Brown v. State Farm Fire & Cas. Co.*, No. 2:10-cv-01843-KJD-LRL, 2011 WL 2295162, at *2-3 (D. Nev. June 8, 2011) (dismissing claims for breach of regulatory and administrative codes because they fell within the NDOI's exclusive jurisdiction); *Travelers Cas. & Sur. Co. of Am. v. Williams Brother, Inc.*, No. 2:12-cv-0058-LDG-RJJ, 2013 U.S. Dist. LEXIS 44503, at *3 (D. Nev. Mar. 27, 2013) (dismissing counterclaim alleging violation of the Deceptive Trade Practices Act because the NDOI has exclusive jurisdiction over an insurance company's trade practices); *Rathnayake v. Farmers Ins. Exch.*, No. 2:13-cv-765-JAD-GWF, 2014 WL 3897960, at *1-2 (D. Nev. Aug. 11, 2014) (dismissing common law and statutory claims because they were all based on a single violation of the Insurance Code within the NDOI's exclusive jurisdiction). Therefore, Plaintiff cannot seek private enforcement to compel compliance with the Insurance Code.

Plaintiff argues that her claims fall outside of the NDOI's purview because the Insurance Code is incorporated into the provisions of the Policy, thereby creating a private right of action under the Policy. Plaintiff cites to *Ippolito v. Liberty Mutual Insurance Company*, 705 P.2d 134 (Nev. 1985), as support. However, in *Ippolito*, the Nevada Supreme Court held that the *uninsured motorist statute* was implicitly

incorporated into the insurance policy to prevent insurance companies from limiting coverage *mandated by statute* in contravention of public policy. *Ippolito*, 705 P.2d at 136; *Wingco v. Gov't Emps. Ins. Co.*, 321 P.3d 855, 857 n.3 (Nev. 2014). Plaintiff has not provided, nor could the Court locate, any case where the Nevada Supreme Court has extended *Ippolito* beyond the context of the uninsured motorist statute. Plaintiff also fails to provide any reason why the Nevada Supreme Court would extend *Ippolito*, or its public-policy rationale, to NAC § 686A.680's regulatory scheme. In light of the foregoing, the Court declines to disrupt the Nevada Supreme Court's express guidance in *Thorpe*. *See Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001) (holding federal courts in diversity cases are "bound by the pronouncements of the state's highest court on applicable state law"). Accordingly, because Plaintiff's claims remain within the jurisdiction of the NDOI, the NDOI's exclusive jurisdiction precludes a private right of action.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they did not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendant's Motion to Dismiss (dkt. no. 56) is granted. The Clerk is instructed to close this case.

DATED THIS 28th day of April 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE